IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ERNEST SHRADER,

     Plaintiff,

v.                                 Case No. 2:11-cv-00784

CARL BERLIN, Administrator,
Southwestern Regional Jail,
TIMOTHY CHAFFIS, Officer, and
CORRECTIONAL OFFICER HESS,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 21, 2011, Plaintiff filed a Complaint (ECF No. 2) under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights with respect to the conditions of his confinement at the Southwestern Regional Jail (the "SWRJ") in Holden, West Virginia. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of the Application to Proceed without

Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Because, for the reasons stated below, it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claim. *See*, *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

> The plaintiff's Complaint alleges as follows:
>
> On Sept 2, 2011, my water was cut off in my [cell]. Carl Berlin I have no water in my cell but in the toilet. Officer[s] Chaffin [and] Hess threaten[ed] me curse they abuse and neglect the inmates.
>
> The officer abuse keeps getting worst the more grievance[s] I file. The worst [sic; worse] it gets for me I fear for my life. There [sic; They're] trying cover all this up.

(ECF No. 2 at 4-5.) The plaintiff requests the court to order an investigation into the matter, to award punitive damages "for mental abuse and anguish" and to move the plaintiff to anther facility "for [his] own safety." (*Id.* at 6.)

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme

2

Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.*, at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*, at 837.

The holding in *Farmer v. Brennan* establishes that Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to show "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Moreover, Plaintiff has failed to allege that he has suffered any serious or significant injury resulting from the challenged conditions at the MOCC.  *Strickler* requires a showing of significant injury.  989 F.2d at 1381.

The undersigned has determined that, since the date that the plaintiff filed his Complaint, he has been transferred to the Eastern Regional Jail (which is within the jurisdiction of the United States District Court for the Northern District of West Virginia), and is now a West Virginia Division of Corrections prisoner.  The plaintiff's

Complaint contained allegations concerning his conditions of confinement at the SWRJ, where he is no longer incarcerated.  Thus, his requests for an investigation and transfer (relief which this court could not order anyway) are moot.

Moreover, the plaintiff has not stated any allegations that would state a claim against the defendants.   He has not sufficiently alleged that his conditions of confinement posed an excessive risk to his health or safety.  His allegations concerning the alleged verbal abuse by Correctional Officers Hess and Chaffin, without more, do not rise to the level of a constitutional violation.  *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979).  The plaintiff's claim that the abuse worsened as he filed more grievances also does not rise to the level of a constitutional violation.   Prisoners do not have a constitutional right of access to the grievance process.  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  The plaintiff filed 35 grievances in just over one month at the SWRJ. Thus, his unprotected right to file grievances was not chilled by the alleged conduct of the defendants.

Accordingly, the court proposes that the District Court **FIND** that the plaintiff has failed to state any claim upon which relief can be granted.   Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 2) under 28 U.S.C. §§ 1915A(b)(1), and **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from

4

the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the Martinsburg Correctional Center.

December 27, 2011

Mary E. Stanley
United States Magistrate Judge